## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| LEGO A/S, LEGO Systems, Inc., and LEGO Juris A/S | Civil Action No. _____ |
| Plaintiffs, | |
| v. | **JURY TRIAL DEMANDED** |
| Lakeshore Equipment Company d/b/a Lakeshore Learning Materials | June 10, 2019 |
| Defendant. | |

## COMPLAINT

Plaintiffs LEGO A/S ("LAS"),  LEGO Systems, Inc. ("LSI"), and LEGO Juris A/S

("LJAS") (collectively, "the LEGO Group") file this Complaint against defendant Lakeshore

Equipment Company d/b/a Lakeshore Learning Materials ("Lakeshore") and allege as follows:

## THE PARTIES

1.      Plaintiff LAS is a private company with a place of business located at Aastvej 1,

Dk-7190, Billund, Denmark.

2.      Plaintiff LSI is a Delaware corporation having its principal place of business at

555 Taylor Road, Enfield, CT 06082.

3.      Plaintiff LJAS is a private company with a place of business located at

Koldingvej 2, Dk-7190, Billund, Denmark.

4.      Upon information and belief, defendant Lakeshore is a California corporation with a principal place of business located at 2695 East Dominguez Street, Carson, CA 90895. Upon information and belief, Lakeshore does business in the State of Connecticut.

## JURISDICTION AND VENUE

5.       This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a) and (b), and 1367.

6.      This Court has personal jurisdiction over Lakeshore by virtue of it transacting, doing, and soliciting business in this District, and committing acts of copyright and trademark infringement in this District.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2).

## THE LEGO GROUP'S INTELLECTUAL PROPERTY RIGHTS IN THE MINIFIGURE FIGURINE

8.      In 1978, the LEGO Group introduced its Minifigure figurine.  For more than 40 years, the Minifigure figurine has been sold worldwide in numerous varieties of LEGO® brand toy sets, as well as individually, becoming one of the most iconic toys for the LEGO Group. Over 120 million Minifigure figurines have been sold in the United States since 1978. Photographs of a representative version of the Minifigure figurine are set forth below.



9.     LAS owns numerous copyrights registered with the United States Copyright Office, including Registration Number VA0000655230 and Registration Number VA0000655104 (the "Minifigure Copyrights"), protecting the 3D sculpture and derivative works of the Minifigure figurine.  Copies of the deposit material maintained by the United States Copyright Office as part of the Minifigure Copyrights are shown below and attached as Exhibits A and B.

 

**Registration Number VA0000655230**    **Registration Number VA0000655104**

10.     Since 1978, the LEGO Group has continuously displayed the © symbol in connection with the Minifigure figurine on various product packaging.

11.     Since at least as early as 1993 the LEGO Group has continuously displayed the © symbol in the plastic of the Minifigure figurine in various locations.

12.     Since at least as early as 1998 the LEGO Group has continuously displayed "© LEGO" in the plastic of the Minifigure figurine in various locations.  For example, in the images below, "© LEGO" is in the plastic of each element comprising the Minifigure figurine:

-4-



**© LEGO located inside head element of Minifigure figurine**





© LEGO located on the top of leg element of Minifigure figurine

© LEGO located on the bottom of leg element of Minifigure figurine

© LEGO located on the torso element of Minifigure figurine

13.     LJAS owns numerous trademarks registered with the United States Patent &

Trademark Office including Registration Number 4,903,968 for the Minifigure figurine ("the

Registered Minifigure Trademark").  A copy of the Registration Certificate for the Registered

Minifigure Trademark is attached as Exhibit C. The design covered by the Registered Minifigure

Trademark is shown below.



**U.S. Trademark Registration Number 4,903,968**

14.      The LEGO Group also has common law trademark rights in the Minifigure

figurine by virtue of its continuous use of the mark in commerce throughout the United States

since 1978 (together with the Registered Minifigure Trademark, the "Minifigure Trademarks").

15.      The LEGO Group has established valuable (indeed, *invaluable*) trademark rights

and goodwill in the Minifigure Trademarks by virtue of its long use and registration of those

trademarks, the substantial promotional and marketing efforts under the trademarks, the

expenditure of vast sums in advertising and promotional activities under those trademarks, and

third-party licensing agreements.

16.     The products and services offered, sold, and advertised in connection with the Minifigure Trademarks have generated substantial revenue.  Such revenue has exceeded over one billion dollars (USD) internationally.

17.     As a result of the LEGO Group's long and extensive use of the Minifigure Trademarks, and the significant sales, promotion, advertising, third-party licensing, and commercial success under those marks, the Minifigure Trademarks have achieved such widespread public exposure and recognition that they are distinctive and  well-known and famous among the general consuming public of the United States and abroad.

## LAKESHORE'S INFRINGING FIGURINES

18.     Lakeshore is a retailer specializing in early childhood educational materials and toys.  Lakeshore sells its products, including construction toy products, throughout the United States within its at least sixty brick and mortar retail locations, on its website www.lakeshorelearning.com (the "Lakeshore Website"), via mail catalogs (the "Lakeshore Catalogs"), and over the phone at 1-800-542-8338 (the "Lakeshore Retail Phone Number").

19.     Lakeshore has advertised, offered for sale and sold figurines in several of its construction toy sets that are confusingly and substantially similar to the  LEGO$^{®}$ Minifigure figurine (the "Infringing Figurines").

20.     Lakeshore has advertised, offered for sale and sold the Infringing Figurines in the two versions set forth below.



**Lakeshore Infringing Figurines "Version 1"**



**Lakeshore Infringing Figurines "Version 2"**

21.    The images below show different views of the copyrighted and trademarked

LEGO® Minifigure figurine on the right and Lakeshore Infringing Figurines Version 1 on the left

and components thereof:





















22.    The images below show different views of the copyrighted and trademarked

LEGO® Minifigure figurine on the right and Lakeshore Infringing Figurines Version 2 on the

left:









23.    The Infringing Figurines (Versions 1 and 2) have been advertised on the Lakeshore Website and in the Lakeshore Catalogs. The below image is of the Infringing Figurines Version 1 presently in the Lakeshore Catalog set to be mailed September 2019 and currently available for view on the Lakeshore Website.



-13-

24.     Upon information and belief, one or both Versions of the Infringing Figurines are available for sale by Lakeshore through its brick and mortar stores throughout the United States, including its Hamden, CT location, the Lakeshore Website, and over the phone via the Lakeshore Retail Phone Number.

25.     Upon information and belief, Lakeshore had access to the widely-distributed LEGO Minifigure figurine prior to offering the Infringing Figurines.

26.     Lakeshore's Infringing Figurines are unauthorized reproductions of the LEGO Group's copyrights and trademarks including the Minifigure Copyrights and Minifigure Trademarks.

27.     Upon information and belief, Lakeshore has had actual or constructive knowledge of the LEGO Group's copyright and trademark rights in and to the LEGO Minifigure figurine since a time prior to Lakeshore's development and first sale of the Infringing Figurines.

28.     Upon information and belief, Lakeshore intentionally copied the LEGO Minifigure figurine without the LEGO Group's authorization, consent or knowledge and without any remuneration to the LEGO Group.

29.     The construction toy market is highly competitive.  Selling products that infringe the LEGO Group's copyrights and trademarks will allow Lakeshore to increase its market share and sales, and enable Lakeshore to establish relationships with customers, and licensors potentially, for whom the LEGO Group competes.  That potential injury to the LEGO Group is unquantifiable.

-14-

30.     The LEGO Group has no agreement of any kind with Lakeshore that would authorize the manufacture or sale of the Infringing Figurines.

## COUNT I

### (Copyright Infringement of Minifigure figurine)

31.     The LEGO Group hereby repeats and realleges paragraphs 1 through 30 of this Complaint as if fully set forth herein.

32.     The copyrighted Minifigure figurine comprises, in whole or in part, wholly original works of authorship that are copyrightable subject matter under the copyright laws of the United States, 17 U.S.C. §§ 101, *et seq.* The LEGO Group has complied in all respects with the laws governing copyright and has secured the rights and privileges in, to, and under the Minifigure Copyrights in the Minifigure figurine.

33.     In violation of the LEGO Group's exclusive rights in the Minifigure figurine and the Minifigure Copyrights, Lakeshore has and continues to manufacture, distribute, advertise, publicly display, create derivative works of and sell Infringing Figurines that are substantially similar to the Minifigure figurine.

34.     Upon information and belief, Lakeshore obtained physical possession of or otherwise viewed the Minifigure figurine, and intentionally copied and made a derivative work of that work to create the Infringing Figurines. That Lakeshore copied the Minifigure figurine when it created the Infringing Figurines is evidenced by the striking similarities between the Minifigure figurine and the Infringing Figurines.

35.     Lakeshore's unlawful conduct constitutes infringement of the LEGO Group's exclusive rights in the Minifigure Copyrights, including without limitation the LEGO Group's rights under 17 U.S.C. § 106.

36.     Upon information and belief, as a direct and proximate result of Lakeshore's wrongful conduct, Lakeshore has realized and continues to realize profits and other benefits rightfully belonging to the LEGO Group.

37.     As a result of Lakeshore's unlawful conduct, the LEGO Group has suffered and will continue to suffer damages.

38.     The LEGO Group has suffered and will continue to suffer irreparable harm from Lakeshore's infringing acts, unless Lakeshore's infringement is enjoined.

## COUNT II

## (Trademark Infringement Under Section 32(a) of the Lanham Act, 15 U.S.C. § 1114(a))

39.     The LEGO Group hereby repeats and realleges paragraphs 1 through 30 of this Complaint as if fully set forth herein.

40.     Without the LEGO Group's consent, Lakeshore used and continues to use in commerce the Infringing Figurines as described above, in connection with the offering for sale, sale, and advertising of toy figures and construction toy products, which Infringing Figurines are likely to cause confusion, or to cause mistake, or to deceive, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

41.     Upon information and belief, the actions of Lakeshore described above have at all times relevant to this Action been willful.

42.     As a direct and proximate result of the actions of Lakeshore alleged above, the LEGO Group has been damaged and will continue to be damaged.

43.     The LEGO Group has suffered and will continue to suffer irreparable harm from Lakeshore's infringing acts, unless Lakeshore's infringement is enjoined.

## COUNT III

### (Trademark Infringement, False Designation of Origin, and Unfair Competition Under Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A))

44.      The LEGO Group hereby repeats and realleges paragraphs 1 through 30 of this Complaint as if fully set forth herein.

45.     The actions of Lakeshore relating to the Infringing Figurines are likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of the products and services and commercial activities of Lakeshore, and thus constitute trademark infringement, false designation of origin, and unfair competition with respect to the Minifigure Trademarks in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

46.     Upon information and belief, the actions of Lakeshore described above have at all times relevant to this action been willful.

47.     As a direct and proximate result of the actions of Lakeshore alleged above, the LEGO Group has been damaged and will continue to be damaged.

48.     The LEGO Group has suffered and will continue to suffer irreparable harm from Lakeshore's infringing acts, unless Lakeshore's infringement is enjoined.

## COUNT IV

### (Violation of the Connecticut Unfair Trade Practices Act)

49.     The LEGO Group hereby repeats and realleges paragraphs 1 through 30 of this Complaint as if fully set forth herein.

50.     By engaging in the acts alleged above, Lakeshore has willfully and maliciously engaged in conduct offensive to public policy, governing statutes, common law principles, and established concepts of fairness.

51.     Lakeshore's willful and malicious conduct was and is immoral, unethical, oppressive, and unscrupulous.

52.     Lakeshore's conduct has caused and will continue to cause substantial injury to the LEGO Group and to the public interest.

53.     Lakeshore committed such acts, and continues to commit such acts, in the conduct of trade or commerce.

54.     The LEGO Group has suffered, and if Lakeshore is not enjoined will continue to suffer, an ascertainable loss of money or property as a result of Lakeshore's actions.

55.     By virtue of the conduct above, Lakeshore has engaged in unfair competition and unfair or deceptive acts or practices in the conduct of trade or commerce in violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a, *et seq*.

### PRAYER FOR RELIEF

**WHEREFORE**, the LEGO Group requests judgment in its favor and against Lakeshore as follows:

1. A judgment that Lakeshore has infringed the Minifigure Copyrights;

2. A judgment that Lakeshore has infringed the Minifigure Trademarks;

3. A permanent injunction restraining Lakeshore, its employees, and all persons in active concert or participation with Lakeshore or with any of the foregoing from:

   a. manufacturing, selling, offering for sale, displaying or authorizing the sale of products, including the Infringing Figurines, consisting of unauthorized reproductions of the copyrighted  and trademarked Minifigure figurine, including any figurine or image that is substantially similar to the Minifigure Copyrights or likely to be confused with the Minifigure Trademarks;

4. An order that Lakeshore be directed to file with this Court and serve on the LEGO Group within thirty days after the service of an injunction, a report, in writing and under oath, confirming all copies of the Infringing Figurines, and means for copying and producing the same, have been destroyed;

5.  Awarding the LEGO Group its actual damages and Lakeshore's profits in an amount to be determined at trial or statutory damages pursuant to 17 U.S.C. § 504 and15 U.S.C. § 1117 and other applicable laws;

6. Awarding the LEGO Group its reasonable attorney's fees and costs; and

7. Such other and further relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the LEGO Group demands

trial by jury in this action of all issues triable by jury in this matter.

Dated: June 10, 2019

Respectfully submitted,

/s/ Elizabeth A. Alquist
Elizabeth A. Alquist (ct15643)
Melanie J. Raubeson (ct30157)
Day Pitney LLP
242 Trumbull Street
Hartford, CT 06103-1212
Phone (860) 275-0100
Fax (860) 275-0343
eaalquist@daypitney.com
mraubeson@daypitney.com
*Attorneys for Plaintiffs*

LEGO A/S,  LEGO SYSTEMS, INC., and
LEGO Juris A/S

## <u>CERTIFICATION</u>

I hereby certify that on June 10, 2019, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent my e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronics filing as inficated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

<u>/s/ Melanie J. Raubeson</u>
Melanie J. Raubeson